IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY RANKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| CHICAGO PARK DISTRICT, a Municipal | ) | |
| Corporation, by and through their agents; | ) | |
| J.D. OSTERGAARD, in his official and | ) | |
| individual capacities; and SIDNEY LEWIS, | ) | |
| in his official and individual capacities, | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

## COMPLAINT

NOW COMES, the Plaintiff, STANLEY RANKIN, by and through his attorneys, Anthony J. Peraica & Associates, Ltd., hereby files his Complaint against Defendants, CHICAGO PARK DISTRICT, a municipal corporation, J.D. OSTERGAARD and SIDNEY LEWIS. In support thereof, Plaintiff states as follows:

### NATURE OF ACTION

1.   Plaintiff was employed as a Part-Time Attendant with the Chicago Park District. He alleges Defendant, Chicago Park District, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. (Title VII) by discriminating against him on the basis of his race (black), on the basis that discriminatory acts of Defendants violated the Equal Protection Clause of the United States Constitution, and pursuant to 42 U.S.C. §1981 ("Section 1981) on the basis that Defendants interfered with his employment contract because of his race. Plaintiff also asserts that his was subject to discrimination based upon his age; terminated based upon his disability— congestive heart failure; retaliatorily discharged, and Defendant breached its contract.

1

**THE PARTIES**

2.   Plaintiff, Stanley Rankin, is an African-American male who resides in the City of Chicago, County of Cook, State of Illinois. Plaintiff has at all relevant times hereto been a citizen of the State of Illinois residing within the geographical boundaries of this Court's jurisdiction.

3.   Defendant, Chicago Park District, a Municipal Corporation, has at all times relevant hereto, been a body politic and corporate, formed and authorized under the terms and provisions of the Chicago Park District Act, 70 ILCS 1505/0.01 et. seq. The Chicago Park District operates and maintains numerous recreational and park facilities and has numerous employees within the geographical boundaries of this district.

4.   J.D. Ostergaard was Plaintiff's immediate supervisor at Berger Park. He is being sued in his official and individual capacities.

5.   Upon information and belief, J.D. Ostergaard is a resident of the City of Chicago, County of Cook, State of Illinois.

6.   Sidney Lewis was Plaintiff's prior supervisor at Mandrake Park. He is being sued in his official and individual capacities.

7.   Upon information and belief, Sidney Lewis is a resident of the City of Chicago, County of Cook, State of Illinois.

**JURISDICTION AND VENUE**

8.   This Court has original subject matter jurisdiction based on 28 U.S.C. §1331 and 28 U.S.C. §1343. This Court has supplemental jurisdiction over the state law claims based upon 28 U.S.C. §1367.

9.   Venue in this Court is proper under 28 U.S.C. §1391 because all Defendants reside

within this judicial district and division, and all of the events giving rise to Plaintiff's claims occurred in this judicial district.

## PROCEDURAL PREREQUISITES

10. On or about September 10, 2019, Plaintiff filed with the Illinois Department of Human Rights (IDHR), Charge No. 2020CE0302, and EEOC No. 440-2019-05955 alleging continuing retaliation for prior discrimination complaints, 21B2019-00526 and 440-2019-04448.

11. On or about October 30, 2019, Plaintiff filed a Claim with the Illinois Department of Human Rights (IDHR) Charge No. 2019CA1179 and EEOC No. 21BA90526 alleging discrimination based upon age and race.

12. Plaintiff also filed a claim with the City of Chicago Commission on Human Relations, Charge No. 19-E-04, alleging race discrimination for the same events.

13. On or about November 12, 2019, Plaintiff received the Notice of Dismissal for Lack of Substantial Evidence, dated November 5, 2019, issued by the IDHR for Charge No. 2019CA1179.

14. IDHR investigator on Charge No. 2019CA1179 found Stanley Rankin was meeting the legitimate job expectations of the Chicago Park District.

## FACTS COMMON TO ALL CLAIMS

15. On or about October 2015, Stanley Rankin was hired by the Chicago Park District as an attendant.

16. Stanley Rankin is an African American male, over the age of 40.

17. In June 2018, Stanley Rankin was transferred to the Berger Park location.

18. Rankin's immediate supervisor at the Berger Park location was J.D. Ostergaard.

19. Berger Park had only two attendants at its facility—Angel Rivera, a Hispanic male, is

3

a full-time attendant and the other was Stanley Rankin, an African American male, who worked part-time.

20. From June 2018 to and including January 24, 2019, Stanley Rankin was subject to harassment due to age and race by his immediate supervisor, J.D. Ostergaard.

21. Upon information and belief, J.D. Ostergaard is a Caucasian male and under the age of 40 at the time of these incidents.

22. Mr. Ostergaard often accused Mr. Rankin of leaving trash, nitpicking his cleaning the rooms, and blaming all errors in maintenance on Rankin.

23. Mr. Ostergaard often overscheduled events in the evenings that Mr. Rankin worked so that it was impossible to clean all of the rooms before the end of his shift.

24. Mr. Ostergaard also set unrealistic time frames to clean or set up spaces for use.

25. In June, July and August of 2018 and again in January 2019, Mr. Ostergaard threatened to write Rankin up for not mopping the floors, leaving windows open, failing to clean the rooms, etc. Rivera failed to perform some of the same actions but nothing was said to him.

26. Mr. Ostergaard did not criticize, scrutinize or direct Angel Rivera as to problems that arose during his shifts.

27. On or about April 8, 2019, Stanley Rankin's congestive heart failure condition re-surfaced and caused him to seek medical treatment.

28. Mr. Rankin informed his supervisor Ostergaard about his medical condition and need to seek treatment.

29. Mr. Rankin went to Northwestern Memorial Hospital for treatment. Since his primary care physician could not treat him, he was seen in the urgent care clinic. As part of his treatment, Mr. Rankin was hooked up to a heart monitor for 24 hours.

30. Mr. Rankin notified his employer and let them know that he needed to take time off for medical reasons.

31. Mr. Ostergaard, aware of the situation, approved Mr. Rankin's use of sick time.

32. Mr. Rankin returned to Northwestern the next day to return the heart monitor. After further testing he was released home.

33. Mr. Rankin, already being out of the house for medical treatment, left the hospital and proceed to Mandrake Park, where his tax preparer's mom worked, to drop off his tax documents.

34. The Park Manager at Mandrake Park, Sidney Lewis, would not allow Mr. Rankin to enter the building and told him that he was barred from the premises if he did not have any official business there.

35. Mr. Rankin had previously worked at Mandrake Park and knew the employees there. He had no problems entering the building prior to April 9, 2019.

36. Mr. Rankin verified with his union and Chicago Park District Human Resources that there were no notes in his file stating that he was barred from entering Mandrake Park.

37. Thereafter, Mr. Rankin was given Corrective Action Meeting Notices that he violated Chicago Park District rules by failing to be "respectful and polite on a park property when you attempted to use aggressive force towards a Park Supervisor on April 9, 2019". Mr. Rankin disputed the charges.

38. On or about August 13, 2019, Mr. Rankin was provided with the Chicago Park District determination that he should be terminated on the basis of the events on April 9, 2019 and abusing sick leave.

39. Upon information and belief, Mr. Rankin had not been subject to discipline prior to his termination.

40. The termination notice was the first time the Chicago Park District accused Stanley Rankin of abusing sick leave and no subsequent meeting or investigation allowing for due process on this issue was provided.

41. Mr. Rankin was terminated from his employment with the Chicago Park District as of August 13, 2019.

42. Mr. Rankin is appealing his termination through the Chicago Park District process.

43. Mr. Rankin loved his employment with the Chicago Park District and took pride in his work.

**COUNT ONE—TITLE VII RACE DISCRIMINATION—CHICAGO PARK DISTRICT**

44. Plaintiff restates and re-alleges paragraphs 1 through 43, as though fully set forth herein.

45. Defendant Chicago Park District has discriminated against Plaintiff on the basis of his race, African American, in violation of Title VII by harassing, disciplining, singling him out and terminating him for pursuing his legal rights.

46. Plaintiff has suffered damages as a result of Defendant Chicago Park District's actions, including, but not limited to, loss of earnings and emotional and mental anguish.

WHEREFORE, Plaintiff requests the following relief:

a. Back pay, including, but not limited to, all loss of salary or hourly hours Plaintiff has suffered as a result of his discriminatory firing;

b. Front pay;

c. Compensatory damages;

d. An injunction directing the Chicago Park District to place Plaintiff back in his position as an hourly attendant at Berger Park or equivalent position within close proximity to his home, with opportunities for overtime, promotion, and career advancement similar to those available to Plaintiff prior to his discriminatory termination;

e.  Attorney Fees and costs pursuant to 42 U.S.C. §1981a and §1988; and

f.  Such other relief as the Court deems proper.

## COUNT TWO—SECTION 1983 EQUAL PROTECTION-RACE DISCRIMINATION ALL DEFENDANTS

47. Plaintiff restates and re-alleges paragraphs 1 through 43, as though fully set forth herein.

48. Defendant Chicago Park District discriminated against Plaintiff on the basis of his race, African American, in violation of Title VII by singling him out for discipline and subsequently firing Plaintiff for pursuing his legal rights.

49. Defendant Chicago Park District's discriminatory actions were taken pursuant to a Park District custom, policy or practice.

50. Defendants Ostergaard and/or Lewis acted under color of law, and their discriminatory actions were taken intentionally, maliciously and with deliberate indifference to Plaintiff's constitutionally protected rights.

51. Defendants' actions violated the Equal Protection Clause of the United States Constitution.

52. Plaintiff has suffered damages as a result of Defendant Chicago Park District's discriminatory actions, including but not limited to, loss of earnings and emotional and mental anguish.

WHEREFORE, Plaintiff requests the following relief:

a.  Back pay, including, but not limited to, all loss of salary or hourly hours Plaintiff has suffered as a result of his discriminatory firing;

b.  Front pay;

c.  Compensatory damages;

7

    d.  Punitive Damages against Defendants Ostergaard and/or Lewis;

    e.  An injunction directing the Chicago Park District to place Plaintiff back in his position as an hourly attendant at Berger Park or equivalent position within close proximity to his home, with opportunities for overtime, promotion, and career advancement similar to those available to Plaintiff prior to his discriminatory termination;

    f.  Attorney Fees and costs pursuant to 42 U.S.C. §1981a and §1988; and

    g.  Such other relief as the Court deems proper.

## COUNT THREE—SECTION 1981 RACE DISCRIMINATION—ALL DEFENDANTS

53. Plaintiff restates and re-alleges paragraphs 1 through 43, as though fully set forth herein.

54. At all relevant times, Plaintiff has had a contract for employment with the Defendant Chicago Park District.

55. Defendants have intentionally discriminated against Plaintiff on the basis of his race, African American, in violation of Title VII by singling him out for discipline and terminating him for using his legal rights.

56. Plaintiff has suffered damages as a result of Defendant Chicago Park District's discriminatory actions, including but not limited to, loss of earnings and emotional and mental anguish.

WHEREFORE, Plaintiff requests the following relief:

    a.  Back pay, including, but not limited to, all loss of salary or hourly hours Plaintiff has suffered as a result of his discriminatory firing;

    b.  Front pay;

    c.  Compensatory damages;

    d.  Punitive Damages against Defendants Ostergaard and/or Lewis;

    e.   An injunction directing the Chicago Park District to place Plaintiff back in his position as an hourly attendant at Berger Park or equivalent position within close proximity to his home, with opportunities for overtime, promotion, and career advancement similar to those available to Plaintiff prior to his discriminatory termination;

    f.   Attorney Fees and costs pursuant to 42 U.S.C. §1981a and §1988; and

    g.   Such other relief as the Court deems proper.

## COUNT FOUR – AGE DISCRIMINATION IN VIOLATION OF THE ADEA

57. Plaintiff repeats and re-alleges paragraphs 1 through 43, as though fully set forth herein.

58. Plaintiff is over the age of 40 years old.

59. Defendant Chicago Park District is a qualified employer under the ADEA and is engaged in an industry affecting commerce.

60. Defendant employs 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

61. Plaintiff has a federally protected right to equal treatment in the workplace.

62. Plaintiff was hired as an hourly attendant and was qualified to perform the tasks required.

63. During Plaintiff's employment with Defendant, Defendant treated Rankin differently in the terms and conditions of his employment.

64. Plaintiff was subjected to harassment for being "old".

65. Defendant failed to take necessary steps to correct any of the discriminatory conduct, about Plaintiff's age or the pace in which he worked.

66. Plaintiff has not been allowed to return to his employment; Mr. Coconate is fifty-eight (58) years old.

62. Upon information and belief, Defendant has retained younger individuals to work on jobs for which Plaintiff is qualified.

63. Younger employees were treated more favorably than Plaintiff in that they were not subjected to the adverse employment actions that Plaintiff was subject to and they retained their positions.

64. Adverse actions Plaintiff was subjected to are in part due to his age and any proffered reasons to the contrary by Defendant is pretext for unlawful discrimination.

65. The reasons given for Defendant's adverse actions are a pretext for age discrimination, in that Plaintiff would not have been so treated but for Defendant's motive to discriminate against Plaintiff due to his age.

66. Defendant Chicago Park District discriminated against Plaintiff in the terms, conditions and privileges of employment because of his age, in violation of the ADEA, and treated younger employees more favorably.

67. Defendant Chicago Park District took adverse employment actions against Plaintiff which seriously affected his physical, financial and psychological well-being, and caused him to suffer significant damages.

68. Defendant's wrongful acts, through its agents and/or employees, were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights under the ADEA.

69. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other

incidentals and benefits of employment, damage to reputation, other compensatory damages, attorneys' fees, costs and other damages allowable under the ADEA.

70. Defendant, through its agents and/or employees, was willful, wanton, malicious and oppressive and justify the awarding of exemplary, liquidated and/or punitive damages.

WHEREFORE, Plaintiff, Stanley Rankin, requests that this Honorable Court award him:

    a. Back pay, including, but not limited to, all loss of salary or hourly hours Plaintiff has suffered as a result of his discriminatory firing;

    b. Front pay;

    c. Compensatory damages;

    d. Punitive Damages against Defendants Ostergaard and/or Lewis;

    e. An injunction directing the Chicago Park District to place Plaintiff back in his position as an hourly attendant at Berger Park or equivalent position within close proximity to his home, with opportunities for overtime, promotion, and career advancement similar to those available to Plaintiff prior to his discriminatory termination;

    f. Attorney Fees and costs; and

    g. Such other relief as the Court deems proper.

## COUNT FIVE—TITLE VII RETALIATORY DISCHARGE—DEFENDANT CPD

71. Plaintiff restates and re-alleges paragraphs 1 through 43, as though fully set forth herein.

72. Defendant Chicago Park District retaliated against Plaintiff for filing complaints with the appropriate authorities regarding discriminatory actions.

73. Plaintiff has suffered damages as a result of Defendant Chicago Park District's discriminatory actions, including but not limited to, loss of earnings and emotional and mental anguish.

WHEREFORE, Plaintiff, Stanley Rankin, requests that this Honorable Court award him:

a. Back pay, including, but not limited to, all loss of salary or hourly hours Plaintiff has suffered as a result of his discriminatory firing;

b. Front pay;

c. Compensatory damages;

d. Punitive Damages against Defendants Ostergaard and/or Lewis;

e. An injunction directing the Chicago Park District to place Plaintiff back in his position as an hourly attendant at Berger Park or equivalent position within close proximity to his home, with opportunities for overtime, promotion, and career advancement similar to those available to Plaintiff prior to his discriminatory termination;

f. Attorney Fees and costs; and

g. Such other relief as the Court deems proper.

## COUNT SIX—BREACH OF CONTRACT--DISCRIMINATION RACE, AGE AND RETALIATION—DEFENDANT CHICAGO PARK DISTRICT

74. Plaintiff re-alleges paragraph 1 through 443 of his complaint as if stated herein.

75. A valid and enforceable contract existed between Plaintiff and the Chicago Park District consisting of the Defendant Chicago Park District's catalogs, manuals, handbooks, policy statements, brochures and Collective Bargaining Agreement. The language in the Chicago Park District employee handbook contained clear promises to the employees, including the Plaintiff, as to how they would be treated by the administration. All employees, including the Plaintiff, received the employee handbook upon commencement of their employment. Based on the policy statements and promises in the employee handbooks, Plaintiff reasonably believed that Chicago Park District administrators had offered to abide by its terms. The Plaintiff accepted the offer by commencing employment or continuing employment at the Chicago Park District after learning of the policy statements and promises. The Plaintiff's continued employment at the

Chicago Park District constituted consideration for the policy statements and promises contained in the employee handbooks, and a valid contract was formed.

76. The contract includes the Chicago Park District employee handbooks which prohibit discrimination at the Chicago Park District.

77. Plaintiff performed his obligations under the terms of the contract with Defendant Chicago Park District.

78. Defendant Chicago Park District breached the contract, inter alia, as follows:

    a. By discriminating against Plaintiff on the basis of his race;

    b. By discriminating against Plaintiff on the basis of his age;

    c. By discriminating against Plaintiff based on his disability of congenital heart failure;

    d. By failing to provide him with a hearing as to his sick leave in April 2019; and

    e. By failing to provide him with progressive discipline.

79. Plaintiff has suffered damages as a direct and proximate result of Defendant Chicago Park District's breach of the contract.

80. Defendant's breach of the contract was undertaken willfully, with malice, wantonness and oppression, and entitling Plaintiff to damages for emotional pain and suffering.

WHEREFORE, Plaintiff, Stanley Rankin, requests that this Honorable Court award him:

    a. Back pay, including, but not limited to, all loss of salary or hourly hours Plaintiff has suffered as a result of his discriminatory firing;

    b. Front pay;

    c. Compensatory damages;

    d. An injunction directing the Chicago Park District to place Plaintiff back in his position as an hourly attendant at Berger Park or equivalent position within close proximity to his home, with opportunities for overtime, promotion, and career

advancement similar to those available to Plaintiff prior to his discriminatory termination;

e. Attorney Fees and costs; and

f. Such other relief as the Court deems proper.

## COUNT SEVEN – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT/DISABILITY DISCRIMINATION

81. Plaintiff repeats and re-alleges paragraphs 1 through 43, as though fully set forth herein.

82. Title I of the ADA requires employers with 15 or more employees to provide qualified individuals with disabilities an equal opportunity to benefit from the full range of employment-related opportunities available to others.

83. Plaintiff was rendered disabled as defined by the Americans with Disabilities Act, due to his congenital heart failure, significantly restricted his major life activities but still allowing him to work.

84. Plaintiff was able to perform his job functions.

85. Because of Plaintiff's disability, Defendant subjected Plaintiff to differential treatment and adverse actions in terminating his employment based upon medical treatment for his disability, in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12201 et seq. Any other reason given for said behavior is pre-textual.

86. Plaintiff communicated his medical disability to his direct supervisor and obtained medical leave that was then used by the Defendant Chicago Park District as a basis for Plaintiff's termination.

87. Defendant Chicago Park District sopped employing Plaintiff and terminated him because of his disability.

88. Non-disabled employees were not subjected to the same treatment or termination.

89. Upon information and belief, Defendant retained similarly situated non-disabled employees who had no higher skill level or experience than Plaintiff, and who were lesser qualified than Plaintiff.

90. Defendant's wrongful acts, through its agents and employees, were intentional, willful and wanton, malicious, oppressive, and in total disregard and reckless indifference to Plaintiff's rights under the ADA, and justify the awarding of exemplary, liquidated and/or punitive damages.

91. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits, past and future, and other incidentals and benefits of employment, severe emotional distress, humiliation, embarrassment, damage to reputation, attorney fees and costs, and other damages allowed under the ADA.

WHEREFORE, Plaintiff, Stanley Rankin, requests that this Honorable Court award him:

A.  Back pay with interest, as appropriate;

B.  Reinstatement or alternatively, Front pay, as appropriate;

C.  Compensatory and punitive damages;

D.  Costs, expenses, expert witness fees, and reasonable attorney fees; and

E.  Grant him such additional relief as the Court deems just and proper.

Jury Trial requested.

Respectfully Submitted,

Stanley Rankin

By: s/ Anthony J. Peraica

15

Anthony J. Peraica, ARDC #6186661
Anthony J. Peraica & Associates, Ltd.
5130 S. Archer Avenue
Chicago, Illinois 60632
(773) 735-1700
PeraicaLaw@aol.com